UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Teddy LeRoy WILSON, Jr.,<br><br>                          Plaintiff,<br><br>v.<br><br>PALAMINO, et al.,<br><br>                        Defendants. | Case No. 25-cv-1346-AGS-MSB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND DISMISSING THE COMPLAINT** |

Teddy LeRoy Wilson, Jr., an inmate suing defendants for civil-rights violations under 42 U.S.C. § 1983, moves to proceed in forma pauperis. For the reasons below, that motion is denied, and the complaint is dismissed without prejudice.

## DISCUSSION

Typically, parties instituting a civil action in a United States district court must prepay $405 in fees, including a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). "An action may proceed despite failure to pay the filing fees only if the party is granted" leave to proceed in forma pauperis. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners like Wilson, however, "face an additional hurdle." *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). To further "the congressional goal of reducing frivolous prisoner litigation in federal court," prisoners cannot proceed IFP once they "have, while incarcerated, on 3 or more prior occasions had claims dismissed due to their frivolity, maliciousness, or failure to state a claim." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (cleaned up); *see also* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action under this [IFP] section . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

When courts review a dismissal to determine whether it counts as one of these three strikes, "the style of the dismissal or the procedural posture is immaterial" because "the central question is whether the dismissal rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

This Court has previously found that "Wilson, while incarcerated, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, rendering him ineligible to proceed IFP." *Wilson v. Edmonson*, No. 23-cv-0605-AGS-MSB, 2023 WL 4535533, at *1 (S.D. Cal. July 13, 2023) (listing strikes); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases"); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Nor does Wilson meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of

past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up). Wilson's complaint is based on allegations that defendants "fil[ed] false and or fraudulent criminal charges" that resulted in his "false arrest[]" and "false imprison[ment]." (ECF 1, at 5.) Nothing in his complaint satisfies the imminent-danger exception.

## CONCLUSION

Thus, Wilson's motion to proceed in forma pauperis is **DENIED** as barred due to his three strikes under 28 U.S.C. § 1915(g), and the action is **DISMISSED WITHOUT PREJUDICE** for failure to pay the required fees. The Clerk of Court is directed to close this case. The Court also "certifies in writing" that an in forma pauperis appeal of this Order would be frivolous and "not taken in good faith." 28 U.S.C. § 1915(a)(3).

Dated: July 9, 2025

Andrew G. Schopler
United States District Judge